In the Matter of JOHN TANGI, Respondent, v EDGAR C. PLUMMER, as Comptroller of the Broome County Department of Audit and Control, et al., Appellants.

Third Department, December 18, 1975

*John E. Murray (Theodore J. Mlynarski, Jr.,* of counsel), for appellants.

*Chernin & Gold (John P. Rittinger* of counsel), for respondent.

SWEENEY, J. P. Petitioner, a probation officer employed by the Probation Department of Broome County, is required to drive his personal automobile in connection with his duties. Section 203 of the County Law provides, in general, for the payment by the county of a reasonable mileage allowance for the actual and necessary expense incurred in the performance of official duty of all county officers and employees. Under the terms of a collective bargaining agreement between the County of Broome and the Civil Service Employees Association, which covered petitioner, reimbursement was provided during 1973 at the rate of 12¢ per mile. In 1974, it was raised to 13¢ per mile. By a resolution of the County Legislature, as an employee required to use his automobile in his job, petitioner was reimbursed $6 per month against a $12 per month charge for parking in the county facilities. In 1974, a

new article was added to the agreement which reduced such monthly charge to $10, but kept the monthly reimbursement at $6.

Petitioner instituted the present proceeding to recover from Broome County total reimbursement for monthly parking expense and an additional liability insurance premium expense charged for the use of his personal automobile in his employment. He bases such claim for reimbursement on subdivision 5 of section 256 of the Executive Law which provides, in pertinent part, "[t]he board of supervisors or county legislatures shall fix the salaries of all personnel in the department and make the necessary appropriations therefor as well as for the expenses actually and necessarily incurred by such officers and employees in the performance of their duties." Special Term granted the relief requested and this appeal ensued.

Appellants contend that the collective bargaining agreement provides the terms of reimbursement for all county employees, including petitioner, and petitioner is, therefore, bound by such agreement. On this appeal, petitioner does not argue that the above-quoted language of section 256 of the Executive Law gives him specific statutory reimbursement rights which cannot be bargained away by his union. He argues, rather, that there was no intention that such collective bargaining agreement fulfill the obligations of section 256 which the county owed to all probation officers independently of other county employees. He testified at a plenary hearing held by Special Term that he was a member of the bargaining team during the course of negotiations which led to the execution of such agreement and that there was no mention by anyone on either side as to whether the reimbursement provisions therein were meant to fulfill the requirement of section 256. From this, he concludes that the labor agreement was not intended to cover his specific reimbursement rights under section 256 and that such statute gives him reimbursement beyond that guaranteed to other employees by other statutes of general application. We do not agree. Such evidence, standing alone, does not justify a conclusion that the agreement did not intend to cover petitioner's rights under section 256. There is no basis for such conclusion in the language of section 11 of article 33 of the agreement, "[s]aid rates shall not be exceeded, except in such cases and for such employees as are specially excepted and otherwise authorized and directed by state law for particular cases." Section 256

provides merely that the county legislature shall make the necessary appropriation for the actual and necessary expenses incurred in the performance of petitioner's duties. We find no legislative intent in section 256 specifically excepting petitioner, as a probation officer, from the general requirements of section 203 of the County Law relating to the payment by the county of the actual and necessary expense incurred in the performance of official duty of other county employees. (L 1971, ch 387, NY Legis Ann, 1971, pp 24–25.) Nor is there any language in said statute which could be interpreted as allowing a more generous reimbursement of such expense than that provided for in section 203 of the County Law.

The flat mileage rate provided in the collective bargaining agreements was designed to cover such actual operating expenses, including any extra insurance costs. Additionally, section 19 of article 33 of the 1973 agreement contained a provision allowing for the payment of parking charges for a personally owned car for which mileage was claimed when the same was directly connected to travel for county purposes. The 1974 agreement contained a separate provision which dealt with parking fee reimbursement. In our opinion, the instant collective bargaining agreements defined the extent of petitioner's entitlement to reimbursement for his actual and necessary expenses and thereby preclude the payment of the additional expenses claimed by petitioner.

The judgments should be reversed, on the law and the facts, and the petition dismissed, without costs.

KANE, MAIN, LARKIN and REYNOLDS, JJ., concur.

Judgments reversed, on the law and the facts, and petition dismissed, without costs.